AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

**LODGED**
CLERK, U.S. DISTRICT COURT
4/22/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: _____GSA_____ DEPTUTY

**FILED**
CLERK, U.S. DISTRICT COURT
4/22/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ts_____ DEPUTY

United States of America,

v.

Anthony Jerome Gipson,

Defendant

Case No.   2:26-mj-02426-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 2, 2026, in the county of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____/s/_____
*Complainant's signature*

Donovan Manning, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:     April 22, 2026

*Rozella A. Oliver (signature)*
*Judge's signature*

City and state:   Los Angeles, California

The Hon. Rozella A. Oliver, U.S. Magistrate Judge
*Printed name and title*

AUSA: Iricel E. Payano (x3899)

## <u>AFFIDAVIT</u>

I, Donovan Manning, being duly sworn, declare and state as follows:

### I.   <u>PURPOSE OF AFFIDAVIT</u>

1.   This affidavit is made in support of a criminal complaint against and arrest warrant for Anthony Jerome Gipson ("GIPSON") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, evidence in this matter, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. <u>BACKGROUND OF AFFIANT</u>

3.   I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since May 2021.  I am currently assigned to the ATF Los Angeles Field Division.  I am a graduate of the Criminal Investigator Training Program and the ATF Special Agent Basic Academy at the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training in federal laws and regulations.  I regularly refer to these federal laws and regulations during the

course of my duties, and have participated in investigations, and the execution of warrants for violations of these laws and regulations.

### III.  STATEMENT OF PROBABLE CAUSE

4.  Based on my review of law enforcement reports, conversations with other law enforcement agents, review of evidence, and my own knowledge of the investigation, I am aware of the following:

**A.  Pasadena Police Department Execute a Search Warrant at GIPSON's Residence**

5.  On April 1, 2026, the Honorable Peter J. Mirich, Judge of the Superior Court of California, County of Los Angeles, granted a state search warrant for 1815 1/2 E 107th St. in Los Angeles, California (the "Residence"), which is the the residence of GIPSON, for suspected violations of California Penal Codes= Sections 29800(a)(1) (Felon in Possession of a Firearm), 25850(c)(3) (Gang Member in Possession of a Firearm), and 25850(c)(6) (Possession of an Unregistered Firearm).

6.  According to Pasadena Police Department ("PPD") reports that I have reviewed, PPD officers executed the search warrant at the Residence on April 2, 2026. At approximately 9:22 a.m., PPD officers knocked and announced their presence at the Residence. GIPSON opened the front door, left the Residence, and was taken into custody without incident. Also present at the Residence were Breland Gipson, Taiesha Johnson, and two individuals, identified as E.G. and D.M.

7.   PPD Detective Alejandro Loeza spoke with GIPSON's mother, Taiesha Johnson, regarding the purpose of the warrant. Johnson identified GIPSON's bedroom as the room sharing the wall with the kitchen. PPD Detective Kalvin Blake searched GIPSON's room and located the following:

a.   A black box containing a school identification card with GIPSON's photograph and information;

b.   Five 9mm caliber rounds of ammunition;

c.   Three .38 Special caliber rounds of ammunition; and

d.   A black iPhone identified as GIPSON's phone.

8.   Detective Blake then searched Johnson's bedroom and located the following evidence concealed in the back of a portable air conditioning unit:

a.   One purple Ruger, model EC9S, 9mm caliber semi-automatic handgun, bearing serial number 457-10875;

b.   One black Ruger magazine containing seven 9mm caliber rounds of ammunition;

c.   One grey Sig Sauer, model P320 X-FIVE, 9mm caliber semi-automatic handgun, bearing serial number 58J034323; and

d.   One black Sig Sauer magazine containing 11 9mm caliber rounds of ammunition.[1]

---

[1] Each recovered firearm had one round of ammunition loaded in the chamber.

**B.    PPD Officers Arrest and Interview GIPSON**

9.    While PPD Detectives Raymond Cardenas and Loeza carried the evidence out of the Residence, PPD Detective Chrystian Banuelos heard GIPSON spontaneously state, "You can take him out of handcuffs bro, they're mine," referring to his brother, Breland Gipson, and the recovered firearms.

10.    Detective Loeza then placed GISPON in the back of a PPD marked vehilce and read GIPSON his <u>Miranda</u> rights. GIPSON acknowldged his rights by nodding his head up and down in an affirmative manner. Detective Loeza then asked GIPSON if the statement he (GIPSON) made about the firearms belonging to him was accurate. GIPSON again nodded his head up and down in an affirmative manner.

11.    Detective Loeza told GIBSON that he did not want GIPSON to take the blame for something that was not his. GIPSON stated he did not want his brother to get in trouble for something that was not his. Detective Loeza then asked GIPSON if he (GIPSON) had placed the firearms in his mother's bedroom. GIBSON responded, "Yeah."

12.    Detective Loeza then asked GIPSON where specifically he placed the firearms and GIPSON stated that he forgot. Detective Loeza advised GIPSON that he was going to do an investigation to figure out who the firearms belonged to and GIPSON responded, "They're my firearms, why are you going to arrest someone else if they're my firearms." Detective Loeza then ended the interview.

## C.    GIPSON is a Convicted Felon

13.    On or about April 6, 2026, I reviewed GIPSON's criminal history and learned that GIPSON had previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

a.    On or about September 27, 2018, a violation of California Penal Code Section 25400(a)(2), Carrying a Concealed Weapon on Person, in the Superior Court for the State of California, County of Los Angeles, Case Number GA104381.

b.    On or about January 11, 2020, a violation of California Penal Code Section 459, First Degree Burglary, in the Superior Court for the State of California, County of Los Angeles, Case Number GA107207.

## D.    Interstate Nexus

14.    On or about April 7, 2026, I examined evidence found at the Residence and made the following determinations:

a.    The Ruger, model EC9S, 9mm caliber semi-automatic pistol, bearing serial number 457-10875, was manufactured in Arizona.  For this firearm to be found in the state of California, it must have moved in interstate commerce.

b.    The Sig Sauer, model P320 X-FIVE, 9mm caliber semi-automatic pistol, bearing serial number 58J034323, was manufactured in Kentucky.  For this firearm to be found in the state of California, it must have moved in interstate commerce.

## IV. CONCLUSION

15.   For all of the reasons described above, there is probable cause to believe that GIPSON has committed a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm.


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 22 of April 2026.

THE HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE